UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PNC Equipment Finance, LLC,

    Plaintiff,

    v.                                       Case No. 1:11cv199

USA Wheel Technology, Inc., *et al.*,         Judge Michael R. Barrett

    Defendants.

**ORDER**

    This matter is before the Court upon Plaintiff's Motion to Remand Case to the Hamilton County Court of Common Pleas. (Doc. 5.) Defendant Matthew Fikse has filed a Memorandum in Opposition. (Doc. 7) Plaintiff argues that the Notice of Removal is deficient due to the failure to obtain consent of all served Defendants.[1] Defendant Matthew Fikse acknowledges that not all defendants joined in the removal, but argues that Defendant James Fikse was unable to respond due to the stay imposed by his filing of bankruptcy. Defendant Matthew Fikse also argues that James Fikse is a nominal party in this action, and therefore his consent is not required.

    On February 4, 2011, this action was filed in Hamilton County Court of Common Pleas. (Doc. 2.) On April 6, 2011, Defendant Matthew Fikse filed a Notice of Removal based on diversity jurisdiction. (Doc. 1.) On April 8, 2011, Defendant James Fikse filed for bankruptcy. Notice of the filing of bankruptcy was filed in this Court on May 4, 2011. (Doc. 6.)

    The filing of a bankruptcy petition operates as an automatic stay of actions against

---

[1] James Fikse was served on March 15, 2011. (Doc. 5-1.)

the debtor. *See* 11 U.S.C. § 362(a)(1) (explaining that the stay applies to an "action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."); *In re Smith*, 876 F.2d 524, 526 (6th Cir. 1989) ("The automatic stay is effective upon the date of the filing of the petition.") (quoting 2 Collier on Bankruptcy ¶ 362.03 (15th ed. 1988)).

Several courts have addressed the issue of whether a defendant who has filed for bankruptcy must join in the petition for removal to federal court. *See e.g.*, *Consumers Distrib. Co., Ltd. v. Tele-Save Merch. Co.*, 533 F.Supp. 974, 976 (D.N.J. 1982). Normally, "[t]he rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n. 3 (6th Cir. 1999), *cert. denied*, 528 U.S. 1076 (2000). However, where a non-joining defendant is bankrupt, courts have found that an exception is to be made to the rule of unanimity. *See Inman Constr. Corp. v. Southern Pilot Ins. Co.*, 2007 WL 1657422, *2 (N.D. Miss June 5, 2007); *Rigney v. Midcon Offshore, Inc.*, 1997 WL 795694 *1 (E.D. La. Dec. 29, 1997); *Wallis v. Southern Silo Co., Inc.*, 369 F.Supp. 92, 96-97 (N.D. Miss. 1973). These courts reason that a defendant subject to the automatic stay is not "properly joined" because the action cannot be pursued against that defendant without relief from the bankruptcy court. *Rigney*, 1997 WL 795694 at *1. These courts have also found that the bankrupt defendant is a nominal

party to the litigation because its assets are under the control of the bankruptcy court. *Id.*[2] This Court agrees with this reasoning.

As the Sixth Circuit has recognized, there are three exceptions to the general rule that all defendants must join or consent to the removal: (1) when the non-joining defendant has not been served with service of process at the time the removal petition is filed; (2) when the non-joining defendant is merely a nominal or formal party; and (3) when the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c). *Klein v. Manor Healthcare Corp.*, 1994 WL 91786, at *3 n. 8 (6th Cir. Mar. 22, 1994). This Court finds that under the second exception, James Fikse is a nominal party as a result of his filing of bankruptcy. As this Court has explained, "a formal or nominal party is one who, in a genuine legal sense, has no interest in the result of the suit." *Local Union No. 172 v. P.J. Dick Inc.*, 253 F.Supp.2d 1022, 1026-27 (S.D.Ohio 2003) (quoting Rose v. Giamatti, 721 F.Supp. 906, 914 (S.D. Ohio 1989)). Moreover, the Court notes that as part of the Lease Agreement, which forms the basis of Plaintiff's claims against Defendants, both Matthew and James Fikse signed the Personal Guaranty. The Personal Guaranty states that "[i]f more than one guarantor has signed this Personal Guaranty, each of you agrees that your liability is joint and several." (Doc. 2-1.) Because liability under the Lease is joint

---

[2] Other courts have found that a bankrupt defendant need not join in the removal petition because it was not amendable to service of legal process. *See, e.g, Brown v. Jevic*, 575 F.3d 322, 327 (3d Cir. 2009) (citing Gee v. Lucky Reality Homes, Inc., 210 F.Supp.2d 732, 736 (D. Md. 2002)); *see also Filho v. Pozos Int'l Drilling Srvs., Inc.*, 662 F.Supp 94, 96 (S.D. Tx. 1987) (stating as a general proposition that "[a] defendant in bankruptcy need not be joined in the removal petition."). However, in these cases the bankrupt defendant was served with the complaint *after* it had filed for bankruptcy. Here, James Fikse was served with Plaintiff's complaint before he filed for bankruptcy. Therefore, these cases are not applicable to the facts in this case.

and several, Matthew Fikse alone can be held to answer to Plaintiff's claims.

Based on the foregoing, Plaintiff's Motion to Remand Case to the Hamilton County Court of Common Pleas (Doc. 5) is **DENIED**.

**IT IS SO ORDERED.**

       */s/ Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court